And we'll move on to the next case, United States v. Fernando Palomares-Parra. And because one of the appellants has disappeared, we hope you won't object if we try to hold you to 10 minutes instead of 20. Not at all, Your Honors. Good. Go ahead, Counsel. May I please record, Your Honor, the words on behalf of Mr. Palomares-Parra? When a district court defers decision on a Rule 29 motion, Rule 29 directs the district court to consider the sufficiency of the evidence that has been presented only on the evidence that has been presented by the court. The rule itself says that, doesn't it? Yes, only by the evidence that has been presented by the government. The rule itself says that, and the adversary committee notes to the rules indicates that when considering this issue on appeal, this court is similarly limited to the evidence that has been presented by the government in its own case. This suggests to me a question. Why is it allowed to be deferred, then? What's the purpose of permitting the decision to be deferred if the decision has to be made on the evidence that's presented? Well, Your Honor, that goes back to the amendments in 1994 to the Court. And it was – and the resolution for deferment was made because under the prior rule, which did not allow a deferment, district courts found themselves in a position where this – regardless of the plain wording of the rule, they were nevertheless reserving decision. And part of it was because the government – because of the government's interest in appealing an erroneous decision based on the sufficiency of the evidence. So the judicial conference in amending the rule was – wanted to balance the interest of the defendant who in – to keep him from having an erroneous decision that there was sufficient evidence and the interest of the government because it only gets to appeal if there has been judgment of acquittal. So the double jeopardy clause prevents the government from doing so. And recognizing that the – that this rule then places the defendant in a very difficult situation in which having heard the government's evidence and under the longstanding doctrine of waiver, which held that if the defendant went ahead and presented his own evidence, that he had waived in some circuits complete appellate review of the district court's decision, the – the solution that was made was to expressly state that the court – the district court is only to consider the evidence that is available – that has been presented from – by the government. And then, of course, in the district court, in the advisory notes, it indicates that the appellate court in reviewing this decision is also limited to the same body of evidence. This district has not expressly held that this is, in fact, the quantum of evidence that the appellate court reviews. And the government in this case disputes that. And based upon statements that were made by the Supreme Court in Jackson v. Virginia and a line of cases from this – this circuit, most of which predate the amendment of the rule, it indicates that this court is not limited to just the government's evidence, that it should consider the defense case as well. We are asked – Mr. Palamadas asked this court to expressly state that in reviewing the district court's denial of the defendant's Rule 29b motion that the appellate court will just examine the government's case. Did you try this case? Did you try the case at all? No, I did not, Your Honor. Okay. In the – the trial counsel in his opening statement said, it's interesting because Palamas Parra will tell you that he walked through the house, he walked from the garage door to the front door and never saw anything unusual. The only thing that he, in retrospect, will tell you is that when he walked through the hallway, the doors to the bedrooms were closed. I realize that's not evidence, but isn't that a judicial admission which can be considered by the appellate court in deciding whether or not there was sufficient evidence? Well, at the time that the – no, Your Honor, because at the time that, after the government's case, there had been no evidence at all that Mr. Palamadas Parra had been inside the house at all. No, this was at the opening of the case. This was his opening. His opening statement. I understand. So, you know, why would you expect the government to feel, well, now we've got to go ahead and prove that he'd been inside the house, when counsel has already told the jury that you will hear that he's been inside the house? Well, I still think that the government well knows that that is not evidence and that the jury will be instructed that that is not evidence. So I do think that the government was not entitled at that point to make counsel's opening statement part of its burden of proof at trial. Even when they hear evidence that he was in the garage for at least a couple of hours and when it comes to a matter of inferring that perhaps he had been in a house too? Well, Your Honor, they did not hear evidence of that. They heard perhaps counsel's – defense counsel's opening statement saying that that was what the evidence would show. Oh, no, but didn't the prosecution prove that he either was in the garage, drove a car out of the garage? The prosecution proved that he drove a car that left the garage, but it did not show that Mr. Palomar Espada was anywhere inside the house. Even in the garage? In the garage, but not the house itself. But an inference. I suppose. An inference could be made that, you know, that he's not going to stay in the garage for two hours. That would not be an unreasonable inference, would it? There was a house. There was a garage, obviously. With a doorway that connected it. There was a backyard. There was – there's really no evidence that the government put on that Mr. Palomar Espada was anywhere inside the house and certainly not in the bedroom. I'm sorry, Your Honor. Isn't it circumstantial evidence that he was inside the house? I mean, as Judge McEwen points out, it seems to be a fair inference that if he was in the garage, he wouldn't stay in the garage under these circumstances for two hours that he was in the house, even though he wasn't seen. So it's circumstantial evidence, isn't it? Yes, it is. But there's also – there was also a backyard to the house. So there's – he could have been – he was clearly on the premises. He was clearly, at one point, at least in the garage, sufficient enough to drive the car outside of the garage. But where he was, where he spent those two hours, there's no evidence of that. And he could very well have been in the backyard. There was no – there was no surveillance. The surveillance – there was surveillance, but the officer who was conducting the surveillance only saw the very front of the house and not even the front door because that was in a recess. So why don't you summarize what you think the evidence was up to the Rule 29 motion that can be taken into consideration? The evidence was that Mr. Palomar Espada drove a vehicle from a house where 500-odd pounds of marijuana were subsequently found. No evidence that he had actually had any knowledge that that marijuana was in there. Which truck was it? It was – the truck was his. The car that he was driving when he was arrested was not his. Okay, the truck. When does the truck first come into the program? The truck was first seen at the Home Depot. Picking up the stuff that is used for packaging contraband. That's right. And those four boxes of the constructor rack were still sitting inside the house. And that was his truck? His truck. That was his truck. And the truck then went where? Then went to the house. Where he was seen in the garage. That's correct. And he's the owner of the house with his wife. Yes, he is. But he exercised no exercising control over it until very recently. And where was the $5,000 found? It was in the truck. In his truck that had been used to transport the wrapping material for the contraband. That's correct, Your Honor. To the garage in which he was seen at least for two hours. That's correct, Your Honor. Maybe more precisely, he's charged with, what, at least three things? Yes. And I know you're going to say, well, with that evidence, he shouldn't have been on Rule 29 convicted of any of them. But of those three things, and given what you think is this limited amount of evidence up to the Rule 29, which of these charges does he have the best claim on and why? Well, I think all of them depend on his knowledge. But without, you know, I'm not going to – I know you're going to say that, but I'm just trying to parse through the actual elements of the charges. Like the knowingly making the building available is two hours enough. I don't know. But you tell me, which of these charges do you think there's the least evidence for in terms of the evidence up to the Rule 29? I would say the – I would say the establishment or the possession. I mean, certainly the possession, because the fact that he – that he knew, because there was no evidence that he knew that the marijuana was in there, other than – The strong smell. Yes. But there was no evidence that that smell transferred itself to Mr. Palomares-Para at any point. And there was no evidence that he would recognize that smell. That was the testimony of the officers who said in their experience that it was – that they recognized it and it was extremely strong. But there was no evidence that Mr. Palomares-Para would have been similarly charged with that knowledge. Also, as to the truck, Your Honor, if I may. Go ahead. Just – the testimony of the officers at the Home Depot was – they were certain that Mr. Palomares-Para had not been driving that vehicle. So certain – so the $5,000 that were in there, yes, it was his truck, but clearly other people had – at least in the government's case, clearly other people had – Well, they didn't steal it, so it's a fair inference that he lent them the truck. That's correct. But still, it doesn't tie him necessarily to the $5,000.  Thank you, Counsel. Good morning. May it please the Court. My name is David Flanagan, and I'm from the District of Arizona, Assistant United States Attorney. The question in this case on the denial of the Rule 29 motion, whether the Court at the – in reserving the ruling on it until the end of the case, should look only at the evidence produced by the government or not, is a moot question in this case, I would submit, because the judge himself, if you look at the record, he clearly looked both at the evidence that the government produced and then went on and said, but then also the defendant produced additional evidence. So he is – Are you telling us that the judge violated the rule? No, sir. The motion has been renewed, so he's looking at the evidence at the close of the case and then also discussing the evidence that was produced by the defendant because of the renewal. Well, I'm not clear. You'll have to help me. The rule says if the Court reserved the decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved. Did the Court do that here? Yes. I would submit that the Court did. Where does he do that? Where does he do that? Okay. If you take a look in the record, and he is saying, I would refer you to page 637 of the transcript, July 11th. And he says several times, without even looking to his, that would be the defendant's testimony, Palomaro's, and looking at the evidence at the close of the government's case. And then – What? Is that in the excerpt of record? In the – oh, I'm sorry. I don't have that with me right here, but let me – it's page 637 of the – of the – Yeah, that's exciting, but what about the record? I'm sorry. The excerpt of record. Our rule is trust, but verify. Okay. So we trust you, but we want to verify what you say by looking in the excerpt of record that you file in order to substantiate the points that you make in your brief and during oral argument. Yes. I am sorry. It's not in the excerpt? It is in the excerpt. It is in the excerpt. It absolutely is in the excerpt. I am sorry. I was expecting that you would ask me from the record itself. But if you want me to look for it, I can – No, no, no. Time out. Go ahead. All right. The Court goes back and forth in ruling on this, talking about what the defendant says and then says, but that really goes to his testimony. And without even looking at his testimony and looking at the evidence at the close of the government's case, his wife testified that she asked him to help her pay for the rent and that he came up with the money for the December payment of the house. I didn't see you just say this in your brief. It might have been more helpful for you to just say that in your red brief. Did you say that in the brief? Instead, you cited Jackson, and it's very blurry, as though you're trying to claim that the Court can look at everything. Well, I do think that the Court can look at everything, but in reading the reply brief of the appellant and thinking about the issues and rereading the Court's decision in this matter, I believe that the Court himself, and I did scrupulously follow the rule and looked only at the evidence that was available at the time the motion was first passed. I won't go that far. I'll say that the Court did follow the evidence that was available at the close of the defendant's case and then also discussed what the defendant himself said, which I think is appropriate because it bolsters. It bolsters what the government produced. It shows the reasonableness of a juror. The Court is looking at what could a reasonable juror decide. Could any reasonable juror decide that the defendant, that there was sufficient evidence to prove the defendant guilty beyond a reasonable doubt, taking all inferences in favor of the government? And that reasonable issue can be bolstered by looking at the fact that the defendant himself admitted that he was in the house. That reasonable issue can be bolstered by the fact that the defendant admitted that the $5,000 found in the truck. At the time the Court said that, was it looking at a 29 motion also made at the close of all evidence? I'm sorry. At the time the Court said what you just read to us from the record, was the Court also considering a Rule 29 motion that had been made after the close of all evidence? Yes, sir. That was the renewal. Right. So there was a delayed ruling until the close of all. So the Court was discussing both. That is correct. That's my point. The Court is discussing both. And I think that that's appropriate because there is a possibility that the defendant could put on evidence that would clarify certain things so that even though a motion to for a judgment of acquittal at the end of the government's case might not be granted, it might be granted at the end of the defendant's case where certain facts were clarified. So it is renewed. That motion for judgment of acquittal is renewed, and the Court is looking at both. And he clearly indicates that he's looking at both. He says, you know, at the close of the government's case it was this, but the defendant said that. All right. Why don't you move then to the main claim, which is that the first Rule 29 motion should have been granted because there wasn't enough evidence in the record to sustain the government's burden. Yes. I think that if you take a look at the trail of the stretch wrap, that that stretch wrap came from a home depot where the officer said that they were familiar with people using saran wrap to rewrap marijuana, followed in the defendant's truck to the defendant's home, to the defendant's garage. From there, the stretch wrap went into the house portion itself. And that garage is not detached. It's all part of the same house. From the house went into the master bedroom. That was the defendant's master bedroom. His wife testified as part of the government's case that she had lived there for a year with him. So you have the stretch wrap going right there to within feet of where the marijuana you have a third of a million dollars' worth of marijuana. That's that trail of that stretch wrap ties completely to the defendant. And it's what the court is looking at is inferences. Defense counsel said, well, that doesn't necessarily show this and doesn't necessarily show that. But where did the truck go from Home Depot? Into the garage? Yes, sir. So that's the same garage in which this appellant was seen? He was seen. So the stretch wrap went from Home Depot to the truck and then from the truck to the garage inside the house? Yes, sir. So the door had to have been opened at some time for that stretch wrap stuff to get into the house, right? Yes. Where was the $5,000 found? In the counsel of the defendant's truck. The same truck? The same truck. And I would submit that a reasonable inference could be drawn that that $5,000 belongs to him. And the reasonableness is borne out by his testimony, but nevertheless, it is his truck. And we have him in the we have him somewhere for two hours, right? Well, you have him. We have. The agent said they saw the other two co-defendants in the case at Home Depot. They followed that truck to the house, and they set up on the house for two hours, and then the defendant comes out of the garage. And for counsel to argue, well, maybe he was in the recessed area that was not in their view in front of the house, he would have had to go from that recessed area through the front door, through the house, and then out of the door that led from the house to the garage area, going through the area where you have this very pungent smell of marijuana that the agents say is the most pungent smell that they've ever smelled. Or if he's in the backyard, as counsel suggests, the only way he can get into the garage would be to go through the back door of the house, through the house, into the garage from the door that leads to the garage. Well, the Ninth Circuit case of United States v. Benston says, comments made by defense counsel in opening or closing arguments can amount to judicial admissions, barring the defendant from arguing to the contrary at a later time. Now, doesn't that add some weight to your position? I would submit that it very definitely bolsters. It's not evidence, but it's not evidence, but it can be a judicial admission, can it not? Yes, sir. From the very beginning of the case, counsel is making statements to the court and to the jury that the defendant is in the house. So you have that there. Now, of course, the government cannot put him with our own evidence directly in the house, but inferentially, circumstantially, I think it can be inferred that he certainly was there more than two hours because the vehicle had come from Home Depot, followed by the police to the house, so he was at the house even beforehand. Who knows how long he was at the house? And to try to say, well, you didn't necessarily put him into the house, I would submit that's not the test. The test is could a reasonable juror have determined from the evidence, in a light most favorable to the prosecution, that the facts establish the defendant's guilt? And I would assume, I would submit that all three charges can be established by that. You have the wife who was called, or the ex-wife who was called by the government. She truly binds the defendant to the house. She says that they were buying the house together, and that although after the divorce she was managing it, by December, the facts in this case took place in January, by December he was looking for a tenant, he had found a tenant, he was managing the property. So you have him truly bound to that house by the wife. He was present at the stash house for more than two hours. As I indicated, the smell was overwhelming. $5,000 wrapped in $100 bills were found in his truck at the same stash house where the gun and the third of a million dollars' worth of marijuana is found. Thank you, counsel. Thank you. Would you care to respond? I fail to reserve any time, and I appreciate the Court giving me the opportunity to do so. Just to aid the Court, I submitted as a supplemental excerpt of the record to my reply brief the entire discussion regarding the Rule 29 motion. And I would say that the Court certainly did not scrupulously follow the rule because the Court was all over, really all over the places at the evidence that it looked at, including specifically at the top of what's, of 637, Mr. Palamadas' testimony and made an inference that he did not find it credible. So that was another portion of what the Court considered in determining the Rule 29B motion. And I would say that the Court did not follow the Rule 29 motion, which he should not have because he obviously was looking at the defense case at that point. Which pages in your supplemental excerpt would you like us to read? Pages, page 626. This is your Bates stamp, page stamp? No, Your Honor. It's pages 9, 10, 11, 12. 9 through 12 in your supplemental excerpt. Thank you, Counsel. Thank you. The case just argued is ordered submitted. We'll call Cooper v. Travelers. Thank you.
judges: Meskill, Trott, McKeown